**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 3 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALONDRA REYES-ROBLES, et al.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-1378

Agency Nos.
A246-254-678
A246-254-679
A246-254-680
A246-254-681
A246-254-683
A246-254-682

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 26, 2026[**]
Spokane, Washington

Before: SUNG, H.A. THOMAS, and MENDOZA, Circuit Judges.

Lead Petitioner Alondra Reyes-Robles, her husband Rigoberto Martinez-

Grande, and their four children petition for review of the Board of Immigration

Appeals' ("BIA's") order affirming the Immigration Judge's ("IJ's") order denying

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1]  Where, as here, the BIA affirms the IJ's decision without adding any commentary of its own, we treat the IJ's decision as that of the BIA.  *See Sinha v. Holder*, 564 F.3d 1015, 1019–20 (9th Cir. 2009).  "We review factual findings for substantial evidence and legal questions de novo." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (quoting *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020)).  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.     Petitioners appeal the agency's determination that Reyes-Robles did not establish past persecution.  In their view, the record demonstrates that Reyes-Robles experienced past persecution, based on (1) anonymous and threatening phone calls that Reyes-Robles and Martinez-Grande received in late 2022 and early 2023, (2) the death of Reyes-Robles's former husband Nicolas in September 2020, and (3) men shooting at Petitioners' house after Petitioners had left for the United States.

It is unclear under our precedent whether we review past-persecution determinations using a de novo or substantial-evidence standard of review.  *See Lapadat v. Bondi*, 145 F.4th 942, 951 (9th Cir. 2025).  We need not address that

---

[1]     Reyes-Robles's husband and children are derivative beneficiaries of her asylum claim.  All Petitioners filed their own applications for withholding of removal and CAT relief.

question here because we would uphold the agency's determination under either standard.

Petitioners argue that the death of Reyes-Robles's former husband, Nicolas, should have been considered in assessing whether Reyes-Robles suffered past persecution. "[H]arm to a petitioner's close relatives, friends, or associates may contribute to a successful showing of past persecution" where that harm is "part of a pattern of persecution closely tied to [the petitioner her]self." *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (cleaned up). Here, however, the IJ found that the cause of Nicolas's death was unknown. "[H]is killing may have been a suicide or it may have been at the hands of evil men, but the information is certainly unknown and there's no basis to believe that those killers were somehow targeting [Reyes-Robles] or her family." Given the lack of evidence regarding the circumstances of Nicolas's death, the record does not compel a different conclusion as to how he died. Additionally, Reyes-Robles did not receive the threatening calls and messages until two years after Nicolas's death and one year after she had asked about reopening the investigation into his death. And the record does not show that any caller tied a death threat to the warning not to reopen Nicolas's case. In these circumstances, Reyes-Robles has not shown that Nicolas's death was part of a pattern of persecution closely tied to her.

Petitioners further argue that the fact that men shot at their house after they

3                                                    24-1378

left Mexico shows past persecution. The IJ found that there was insufficient evidence to show that the shooters were targeting Reyes-Robles or her family, considering that by the time of the shooting, Petitioners had long vacated the house and had sold the house to their neighbor. Substantial evidence supports the IJ's finding.

Petitioners have not shown that the threatening phone calls Reyes-Robles received amount to past persecution. Although "credible death threats alone can constitute persecution, they constitute persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (cleaned up). "We generally look at all of the surrounding circumstances to determine whether the threats are actually credible and rise to the level of persecution. We have been most likely to find persecution where threats are repeated, specific and combined with confrontation or other mistreatment. On the other hand, cases with threats alone, particularly anonymous or vague ones, rarely constitute persecution." *Id.* (cleaned up).

The record here does not show that the death threats were credible or particularly menacing. The callers were anonymous. Reyes-Robles stated in her declaration that, at the time she received the threatening phone calls, people from the cartel were "taking over the town" and "extorting people for any reason." But

there is no evidence that the cartel followed up on threats against anyone else they were extorting in the town. The callers did not confront Reyes-Robles or her family in person or physically harm them, even after she stopped answering the calls. Thus, under either de novo or substantial evidence review, we conclude that Reyes-Robles has not shown that she experienced past persecution.

2.    Where there is no past persecution, a petitioner may still establish eligibility for asylum based on a well-founded fear of future persecution. *Hussain v. Rosen*, 985 F.3d 634, 645–46 (9th Cir. 2021). But in such cases, the petitioner bears the burden to show that she cannot reasonably relocate to avoid future persecution. *See* 8 C.F.R. § 1208.13(b)(2)–(3). The IJ found that Reyes-Robles and her family did not meet that burden. Petitioners do not argue that the IJ erred in so concluding. Rather, they argue only that because the IJ erroneously determined that there was no past persecution, the IJ erred by failing to shift the burden *to the government* to show that Reyes-Robles *could* reasonably relocate to avoid future persecution. Because we uphold the IJ's determination on past persecution, the IJ did not err in placing the burden on Reyes-Robles to show that she could not reasonably relocate to avoid future persecution. *See* 8 C.F.R. § 1208.13(b)(3)(i); *Singh v. Garland*, 97 F.4th 597, 606 (9th Cir. 2024). Because Reyes-Robles did not establish a well-founded fear of persecution, her asylum claim fails. *See* 8 C.F.R. § 1208.13(b)(2)(ii) ("An applicant does not have a well-

founded fear of persecution if [she] could avoid persecution by relocating . . . if under all the circumstances it would be reasonable to expect [her] to do so.").

3. To be eligible for statutory withholding of removal in the absence of past persecution, Petitioners must show that it is more likely than not that they will be persecuted if they return to Mexico. *See* 8 C.F.R. § 1208.16(b). They cannot make that showing if they could avoid future persecution by relocating to another part of the country and it would be reasonable to expect them to do so. *See id.* § 1208.16(b)(2). Thus, for the same reasons that Reyes-Robles's asylum claim fails, Petitioners' claims for withholding of removal also fail.

4. Petitioners contend that the agency erred in denying them relief under CAT. They assert that they are likely to face torture if they return to Mexico because they experienced past torture, the callers are likely to follow through on their threats, and because the Mexican government would acquiesce in their torture.

Petitioners have not shown that they would more likely than not experience torture if they return to Mexico. We review for substantial evidence the agency's determination regarding the likelihood of future torture. *See Dawson v. Garland*, 998 F.3d 876, 882 (9th Cir. 2021). Because the harmful conduct alleged does not constitute persecution, a lesser harm than torture, it necessarily does not constitute past torture. *See Sharma v. Garland*, 9 F.4th 1052, 1067 (9th Cir. 2021). As we

discussed above, the record does not compel a finding that the anonymous callers intended to follow through with the threats against Reyes-Robles and her family. And the IJ properly concluded that Petitioners could relocate to avoid persecution by the anonymous callers. In these circumstances, the record does not compel the conclusion that Petitioners are likely to be tortured if they return to Mexico. *See* 8 C.F.R. § 1208.16(c)(3) (noting that the agency must consider all relevant evidence, including past torture and the ability to relocate to avoid torture, in assessing the likelihood of future torture). Accordingly, we uphold the agency's determination that Petitioners are not eligible for relief under CAT.

**PETITION DENIED.**[2]

---

[2] The stay of removal will dissolve upon the issuance of the mandate.